IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ACCELERATED ANALYTICS, LLC. | ) | CASE NO. |
| 1618 145th Street E | ) | |
| Bradenton, FL 34212 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **Federal Trademark Infringement** |
| vs. | ) | **False Designation of Origin** |
| | ) | **Common Law Trademark Infringement** |
| ASKUITY, INC. | ) | |
| 119 Spadina Ave., Suite 400 | ) | |
| Toronto, Ontario M5V 2L1 | ) | **JURY DEMAND ENDORSED HEREON** |
| Canada | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Accelerated Analytics, LLC ("Accelerated Analytics"), and for its Complaint against Defendant, Askuity, Inc. ("ASKUITY") states as follows:

**JURISDICTION AND VENUE**

1. This is an action seeking preliminary and permanent injunctive relief and an accounting for trademark infringement under 15 U.S.C. §1114(1) and/or false designation of origin under 15 U.S.C. §1125(a).

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331, 1338, and 15 U.S.C. §1121.

3. Additionally, jurisdiction is proper under 28 U.S.C. §1332(a)(2), because this action is between citizens of a state and citizens of subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

4. This Court has personal jurisdiction over ASKUITY pursuant to Ohio's long-arm statute and Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure. Upon information and belief, Askuity has engaged in activities within the United States including, without limitation, maintaining and operating an internet website, solicitation and processing of sales from Ohio citizens through its interactive website, advertising, directly marketing to Ohio customers and potential customers, selling its services, engaging in communications with customers and potential customers in Ohio, purchasing sponsorship links and other advertisements on internet search engines directing advertisements to citizens of Ohio, and using a mark registered by Accelerated Analytics with the United States Patent and Trademark Office to directly compete with Accelerated Analytics in the Ohio market, among other places. Further, Accelerated Analytics claims arise out of and relate to the contacts that ASKUITY and/or its agents have had with Ohio, among other places. Therefore, ASKUITY has purposefully availed itself of the privilege of conducting business within Ohio and the exercise of jurisdiction over ASKUITY is reasonable.

5. In the alternative, this Court has personal jurisdiction over Askuity pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Upon information and belief, Askuity has sufficient overall contacts with the United States in order for the exercise of jurisdiction over Askuity to not offend the Constitution or laws of the United States. Upon information and belief, Askuity has engaged in activities within the United States including, without limitation, maintaining and operating an internet website, solicitation and processing of sales from United States citizens through its interactive website, advertising, directly marketing to customers and potential customers, selling its services, engaging in communications with customers and potential customers, registering a mark with the United States Patent and Trademark Office, purchasing sponsorship links and other advertisements on internet search engines directing

advertisements to citizens of the United States, and using a mark registered by Accelerated Analytics with the United States Patent and Trademark Office to directly compete with Accelerated Analytics in the United States. Venue is proper in this Court under 28 U.S.C. §1391(b)(1), (b)(2), (b)(3), (c)(2) and/or (c)(3).

## THE PARTIES

6. Accelerated Analytics is and has been in the business of providing data warehouse solutions in the retail sales and supply chain markets since 2003. Accelerated Analytics works with customers in a variety of retail industries including consumer products, hardware and do-it-yourself businesses, automotive, apparel, cosmetics and books. Accelerated Analytics provides services to customers throughout the U.S., Canada and the United Kingdom.

7. The service Accelerated Analytics provides relates to, among other things, analysis of data involving point of sale (POS) information, including stock keeping unit (SKU) analysis, SKU forecasting, store analysis and out of stock analysis along with Electronic Data Interface (EDI) 852 product activity data. This service allows retailers to keep track of stock, pricing, inventory and sales activity information in a format which is readily available and which makes large amounts of data accessible and understandable.

8. Since July 31, 2006, Accelerated Analytics has provided its service under the service mark, "ACCELERATED ANALYTICS". Accelerated Analytics has extensively advertised and promoted the "ACCELERATED ANALYTICS" mark in the U.S. and Canada and sold its services to hundreds of clients in the U.S. and abroad under the service mark "ACCELERATED ANALYTICS".

9. As a result of its longstanding, continuous and exclusive use of the inherently distinctive "ACCELERATED ANALYTICS" mark and the commercial success of the products

3

and services sold there under, Accelerated Analytics has achieved substantial goodwill in connection with the "ACCELERATED ANALYTICS" mark.

10. The "ACCELERATED ANALYTICS" mark has come to represent the valuable goodwill and reputation of Accelerated Analytics as a supplier of high quality data analysis products and services and further as a leader and innovator in the area of retail POS and SKU data analysis, forecast and reporting.

11. Accelerated Analytics ownership of the "ACCELERATED ANALYTICS" mark is a matter of public records.

12. Accelerated Analytics use of the "ACCELERATED ANALYTICS" mark has been open, notorious and continuous.

13. Accelerated Analytics is the owner of the United States Trademark Registration No. 3,523,285 for the service mark "ACCELERATED ANALYTICS" and international class 35 for, "data compiling and analyzing in the field of retail sales". A copy of the registration certificate for the "ACCELERATED ANALYTICS" registration is attached hereto as Exhibit 1.

14. Accelerated Analytics obtained ownership of the trademark through a merger with Symens Consulting, Inc., an Ohio corporation. Accelerated Analytics, as the owner of the trademark and by virtue of the merger with Symens, has continually used the trademark "ACCELERATED ANALYTICS" for the services stated in the registration since July 31, 2006.

15. On February 27, 2014, the United States Patented and Trademark Office rendered its acknowledgment of incontestability of the trademark pursuant to section 15 of the Trademark Act, 15 U.S.C. § 1065. Exhibit 2 attached hereto is an acknowledgement of the incontestability of the trademark.

16. The "ACCELERATED ANALYTICS" registration is valid and subsisting, has not been cancelled, and constitutes prima facia evidence of the validity of the "ACCELERATED

ANALYTICS" mark, of the registration of the "ACCELERATED ANALYTICS" mark and of Accelerated Analytics' ownership of the "ACCELERATED ANALYTICS" mark and of Accelerated Analytics' exclusive right to use the "ACCELERATED ANALYTICS" mark in commerce.

17. By virtue of the "ACCELERATED ANALYTICS" registration, Defendant ASKUITY has been on at least constructive notice of Accelerated Analytics' rights in the "ACCELERATED ANALYTICS" mark.

18. ASKUITY has also had actual knowledge of the "ACCELERATED ANALYTICS" mark, Accelerated Analytics use thereof and the "ACCELERATED ANALYTICS" registration. ASKUITY is a direct competitor of Accelerated Analytics. Like Accelerated Analytics, ASKUITY offers cloud based data analysis and analytics for the retail industry providing POS and SKU data, inventory and sales. ASKUITY also advertises that it provides support for electronic data interface and specifically EDI 852. In short, ASKUITY services the same industry that Accelerated Analytics has been servicing since 2006.

19. ASKUITY has used the mark "ACCELERATED ANALYTICS" and similar designations in connection with the sales and advertising of its competitive products, at least through the use of such marks and internet search engine advertising, when ASKUITY has no rights to use such marks. ASKUITY was put on actual notice of Accelerated Analytics' ownership of the "ACCELERATED ANALYTICS" mark and the registration for such mark by letter dated June 30, 2015 from counsel for Accelerated Analytics directly to the CEO of ASKUITY, INC. Additional notice was provided on July 28, 2015 when no response from ASKUITY was forthcoming. Exhibits 3 and 4 are copies of the June 30, 2015 and July 28, 2015 correspondence respectively.

20. Upon information and belief, ASKUITY has purchased one or more key advertisements using the "ACCELERATED ANALYTICS" mark or highly similar variations thereof on one more search engines, including GOOGLE and BING.  Screen shots depicting various ASKUITY advertisements that are retrieved by searching for terms comprising of the "ACCELERATED ANALYTICS" mark on GOOGLE and Microsoft BING are attached hereto as Exhibit 5.

21. Upon information and belief, ASKUITY has purchased Sponsored Links that direct users to the ASKUITY web page.  ASKUITY has used the mark "ACCELERATED ANALYTICS" to direct customers to its web page and to the competing product that ASKUITY offers.

22. The activities of ASKUITY in using the mark "ACCELERATED ANALYTICS" in search engine advertisements and Sponsored Links are intended to cause users looking for "ACCELERATED ANALYTICS" to be directed to the ASKUITY webpage.  As such, these constitute infringing advertisements which are likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, affiliation, or endorsement of ASKUITY's website and the products sold therein.

23. The infringing advertisements are likely to at least initially confuse consumers into clicking on ASKUITY's "Sponsored Link" banner advertisements thereby directing the consumers to ASKUITY's website and allowing ASKUITY to misappropriate Accelerated Analytics' goodwill.

24. Accelerated Analytics has not authorized ASKUITY's use of the "ACCELERATED ANALYTICS" mark in any form or variation.  Accelerated Analytics has not approved, authorized, sponsored or endorsed any of ASKUITY's products.

25. ASKUITY's competitive products are targeted to substantially the same consumer base as Accelerated Analytics. Customers familiar with the "ACCELERATED ANALYTICS" mark and who are looking for "ACCELERATED ANALYTICS" software and services would likely believe, incorrectly, that the infringing advertisements relate to or will direct the customers to Accelerated Analytics' products and services, a means to purchase same, or information regarding the same. Such customers may also believe that Accelerated Analytics is responsible for the infringing advertisements or that there is some type of affiliation, connection, or association between Accelerated Analytics and ASKUITY and the infringing advertisements.

26. ASKUITY's offering of products and services in connection with the "ACCELERATED ANALYTICS" mark improperly trades off the goodwill that Accelerated Analytics has established in the "ACCELERATED ANALYTICS" mark in order to improperly attract customers to ASKUITY's competitive products and services.

27. Once a consumer follows the hyperlinks in the infringing advertisements and is directed to the ASKUITY website, even if the consumer recognizes that the products offered are not Accelerated Analytics' product or services, or that the website is not authorized or affiliated with Accelerated Analytics, the consumer may remain on the ASKUITY website and purchase products from ASKUITY. In this manner, the infringing advertisements harm the goodwill and the "ACCELERATED ANALYTICS" mark by weakening the association of the "ACCELERATED ANALYTICS" mark with Accelerated Analytics' product.

28. Despite having actual and constructive knowledge of Accelerated Analytics' rights in the "ACCELERATED ANALYTICS" mark and registration of the same, and despite having received express notice of the same, ASKUITY has failed to cease its infringing activities and continues to advertise, market, promote, offer for sale and sell its competitive products and services using the "ACCELERATED ANALYTICS" mark, without authorization from

7

Accelerated Analytics and in complete and willful disregard of Accelerated Analytics' federal and common law trademark rights.

29. Upon information and belief, Accelerated Analytics alleges that ASKUITY adopted the infringing advertisements with knowledge of Accelerated Analytics' "ACCELERATED ANALYTICS" mark and the registration for the same and with the intent to deceive customers and to cause confusion among purchasers for the purpose of misappropriating and benefiting from the goodwill and public recognition associated with Accelerated Analytics' "ACCELERATED ANALYTICS" mark and by diverting sales from Accelerated Analytics to ASKUITY.  ASKUITY has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Accelerated Analytics for which Accelerated Analytics has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**
**15 U.S.C. § 1114 (1)**

30. Accelerated Analytics repeats the allegations set forth in paragraphs 1 through 29 as if fully rewritten herein.

31. ASKUITY's goods, services, and cloud based analytics are offered and advertised to the same or similar classes of purchasers and through the same channels of commerce as Accelerated Analytics' products, services, and cloud based analytics, and compete directly with Accelerated Analytics' services and cloud based analytics.

32. ASKUITY's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association or sponsorship of Accelerated Analytics' products or services and falsely mislead customers into believing that ASKUITY products originate from Accelerated Analytics, are affiliated or connected with Accelerated Analytics, or are licensed, sponsored, authorized,

8

approved by, or sanctioned by Accelerated Analytics, or that Accelerated Analytics controls the quality of ASKUITY's products.

33. ASKUITY's unlawful and improper actions, set forth above, are likely to at least initially confuse customers into clicking on ASKUITY "Sponsored Link banner advertisement" thereby directing consumers to ASKUITY's website and allowing ASKUITY to misappropriate Accelerated Analytics' goodwill.

34. ASKUITY's actions have been and remain willful and in bad faith with the intent to profit on Accelerated Analytics' "ACCELERATED ANALYTICS" mark.

35. ASKUITY's activities constitute infringement of Accelerated Analytics' "ACCELERATED ANALYTICS" registration and violation of § 32 (1) of the Lanham Act (15 U.S.C. § 1114 (1)).

36. As a result of ASKUITY's infringement and violation of the Lanham Act, Accelerated Analytics has sustained damage, loss and injury in an amount to be determined at trial.

37. ASKUITY has engaged and continues to engage in these activities knowingly and willfully so as to justify the assessment of damages and attorney fees under § 35 of the Lanham Act, 15 U.S.C. § 1117.

38. ASKUITY's acts of infringement have, and unless enjoined by this Court, will continue to cause Accelerated Analytics to sustain irreparable harm, loss and injury, for which Accelerated Analytics has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin
### 15 U.S.C. § 1125 (a)

39. Accelerated Analytics repeats its allegations set forth in paragraphs 1 through 38 as if fully rewritten herein.

40. ASKUITY's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or to deceive as to an affiliation, connection, or association of ASKUITY with Accelerated Analytics, or as to its origin, sponsorship or approval of ASKUITY's services by Accelerated Analytics among ordinary purchasers in violation of 15 U.S.C. § 1125 (a), all to Accelerated Analytics' great and irreparable harm and damage.

41. ASKUITY's activity constitutes false designation of origin and unfair competition in violation of § 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

42. ASKUITY's aforementioned acts have caused Accelerated Analytics to sustain monetary damage, loss and injury in an amount to be determined at trial.

43. ASKUITY's aforementioned acts have, and unless enjoined by this Court, will continue to, cause Accelerated Analytics to sustain irreparable harm, loss and injury for which Accelerated Analytics has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

44. Accelerated Analytics repeats its allegations set forth in paragraphs 1 through 43 as if fully rewritten herein.

45. In addition to the Accelerated Analytics' registration, Accelerated Analytics owns and uses the "ACCELERATED ANALYTICS" mark and enjoys common law rights in Ohio and throughout the United States in and to the "ACCELERATED ANALYTICS" mark in connection with data compilation and analysis and retail sales. Accelerated Analytics' rights to the "ACCELERATED ANALYTICS" mark are superior and senior to any rights that ASKUITY may claim in and to its products and services.

46. ASKUITY's use of the "ACCELERATED ANALYTICS" mark is intentionally designed to trade on the goodwill and reputation that Accelerated Analytics has established in the "ACCELERATED ANALYTICS" mark.

10

47. ASKUITY's' unlawful and improper actions as set forth above are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Accelerated Analytics' products and services or ASKUITY's products and services and falsely mislead consumers into believing that ASKUITY's products originate from Accelerated Analytics, are affiliated or connected with Accelerated Analytics, or are licensed, sponsored, authorized, approved by, or sanctioned by Accelerated Analytics, or that Accelerated Analytics controls the quality of ASKUITY's products.

48. ASKUITY's aforementioned acts have, and unless enjoined by the Court, will continue to cause Accelerated Analytics to sustain irreparable harm, loss and injury for which Accelerated Analytics has no adequate remedy at law.

WHEREFORE, Accelerated Analytics, Inc. seeks:

A. A finding that ASKUITY has infringed the trademark rights of Accelerated Analytics in violation of 15 U.S.C. § 1114 (1);

B. A finding that by using the "ACCELERATED ANALYTICS" mark, ASKUITY has and is using a false designation of origin or false or misleading description of fact or misleading representation of fact in violation of 15 U.S.C. § 1125 (a) (1);

C. Preliminary injunctive relief during the pendency of the action enjoining and restraining ASKUITY, its principals, subsidiaries, agents and employees from the acts and conduct set forth above;

D. Permanent injunctive relief enjoining ASKUITY from using the "ACCELERATED ANALYTICS" mark or anything confusingly similar thereto in connection with the promotion or sale of compiling and analyzing data in the field of retail sales, including but not limited to using Accelerated Analytics' "ACCELERATED ANALYTICS" mark or anything confusingly similar thereto, as a keyword in an advertisement for any search engine, as a metatag to promote interest in and sales through its website, or from using a Sponsored Link advertising to promote its product using the "ACCELERATED ANALYTICS" mark or otherwise engaging in acts or conduct that is likely to cause confusion, mistake or to deceive the purchasing public as to the origin or sponsorship or approval of ASKUITY's retail data analysis products or services, or an association, affiliation, or other relationship between ASKUITY and Accelerated Analytics;

E. Delivery by ASKUITY to Accelerated Analytics of all advertising materials bearing "ACCELERATED ANALYTICS" mark for destruction pursuant to 15 U.S.C. § 1118;

F. An accounting of all profits from ASKUITY's sales of retail data analysis in connection with the use of the "ACCELERATED ANALYTICS" mark;

G. Actual damages;

H. A finding that the actions of ASKUITY were willful and/or in bad faith infringing on Accelerated Analytics' rights;

I. Treble damages;

J. A finding that this is an exceptional case under 15 U.S.C. § 1117 (a) and awarding reasonable attorney fees;

K. Costs; and

L. Such other and further relief as to which this Court might find Accelerated Analytics entitled under law or equity.

## JURY DEMAND

Accelerated Analytics demands a jury as to those issues raised herein to which a jury may be had as a matter of law.

Respectfully submitted,

*/s/ Kristen S. Moore*
Hamilton DeSaussure Jr. (0023516)
Blake Gerney (0065742)
Kristen Moore (0084050)
DAY KETTERER LTD.
581 Boston Mills Road, Suite 400
Hudson, Ohio 44236
Telephone (330) 650-6608
Facsimile (330) 463-3661
E-Mail hdesaussure@day-ketterer.com
 brgerney@day-ketterer.com
 kmoore@day-ketterer.com
*Attorneys for Plaintiff*